<hr />

IN THE MATTER OF THE PETITION OF JOHN K. JONAS, JR., FOR AN ADMINISTRATIVE REVIEW OF A DECISION OF THE SECRETARY OF REVENUE WITH RESPECT TO ASSESS-MENT OF SALES TAX AGAINST HIM, INDIVIDUALLY, AS PRESIDENT OF BLUE RIDGE SPORTCYCLE COMPANY, INC.

No. 8310SC527

(Filed 21 August 1984)

1. **Corporations § 8; Taxation § 31— sales and use tax—personal liability of corporate officer**

    Respondent corporate officer could be held personally liable for unpaid sales and use taxes under either paragraph of G.S. 105-253, and there was therefore no merit to respondent's contention that, in order to be liable for the taxes, he had to have possession of corporate funds at the time when the corporation owed state taxes and allowed the funds to be paid out or distributed to the stockholders.

2. **Corporations § 8; Taxation § 31— sales and use tax—uncollected checks—unreasonable delay in notice by Department of Revenue—due diligence not required**

    Though the evidence indisputably showed that failure by the Department of Revenue either to assess or to notify respondent's corporation over a period of several months that it could not collect on checks written by respondent was unreasonable, and there was evidence that this delay was a factor in the taxes not being collected from the corporation, the Department could nevertheless collect from respondent, a corporate officer, since the Department's power to collect corporate sales and use taxes from responsible officers does not depend upon its own due diligence.

APPEAL by respondent from *Britt, Samuel E., Judge.* Judgment entered 1 March 1983 in Superior Court, WAKE County. Heard in the Court of Appeals 2 April 1984.

At the times involved herein, John K. Jonas, Jr. was President of Blue Ridge Sportcycle Company, Inc. (Blue Ridge). This company was in Asheville and its business was selling and servicing motor vehicles. For the months of May and June, 1975, the company filed timely sales and use tax reports with the N. C. Department of Revenue and attached to each report a check drawn on Intercontinental Banking Corporation, Ltd. of London, England (Intercontinental) for the full amount due. The checks were deposited in the bank (Wachovia) as received; but Wachovia returned them, stating that the checks could not be handled as cash items, and informed the Department that Intercontinental was being investigated by the federal government. The Department then returned the checks to Wachovia for collection as non-cash items, but it neither assessed Blue Ridge for the unpaid taxes nor advised it that a problem involving Intercontinental existed. Intercontinental ceased to do business during the latter part of 1975, and on January 20, 1976, Wachovia notified the Department that it had been unable to collect on the checks. The Department assessed Blue Ridge for the unpaid tax liability the next day, by which time Blue Ridge was also a failed business due to Intercontinental's defalcations. The assessment not having been paid by Blue Ridge, on 13 August 1976 the Department assessed the respondent individually, pursuant to G.S. 105-253, for the taxes, penalties, and interest due from Blue Ridge.

In a hearing before the Secretary of Revenue, respondent's evidence tended to show that the checks eventually sent on to Intercontinental were dishonored because of large embezzlements by an Intercontinental officer, and contended that the checks could have been collected if they had been processed in a timely fashion, or collection could have been made from the company if the Department had assessed it. The Secretary assessed respondent for the taxes and interest owed by Blue Ridge, but did not impose the 10% penalty.

Respondent sought review before the Tax Review Board, which body remanded the cause to the Secretary for additional findings. Upon remand, the Secretary made additional findings but reached the same conclusion. Respondent again requested review by the Board, which reversed, the key conclusion being that the Department's delay in notifying Blue Ridge the checks had not been paid "was unreasonable and contributed to the fail-

ure of the Secretary of Revenue to collect the taxes due." The Secretary petitioned for review in the Superior Court, where the Tax Review Board's ruling was reversed and the Secretary's decision reinstated.

*Attorney General Edmisten, by Assistant Attorney General Marilyn R. Rich, for the Secretary of Revenue.*

*McLean & Dickson, by Russell L. McLean, III, for respondent appellant.*

PHILLIPS, Judge.

The North Carolina Administrative Procedure Act, G.S. 150A-1, *et seq.*, governed the review of this case by the Superior Court. In reversing the decision of the Tax Review Board, Judge Britt concluded that the decision was "affected with error of law and not supported by substantial evidence in view of the entire record"; each of which is a good ground under G.S. 150A-51 for reversing an agency decision.

[1] In working from that starting point, we must first determine whether the Secretary was authorized by G.S. 105-253 to assess respondent personally with the taxes owed by the corporation. This statute at that time, in pertinent part, provided:

§ *105-253. Personal liability of officers, trustees, or receivers.* — Any officer, trustee, or receiver of any corporation required to file report with the Secretary of Revenue, having in his custody funds of the corporation, who allows said funds to be paid out or distributed to the stockholders of said corporation without having satisfied the Secretary of Revenue for any State taxes which are due and have accrued, shall be personally responsible for the payment of said tax, and in addition thereto shall be subject to a penalty of not more than the amount of the tax, nor less than twenty-five percent (25%) of such tax found to be due or accrued.

Each responsible corporate officer is made personally and individually liable:

(1) For all sales and use taxes collected by a corporation upon taxable transactions of the corporation, which liability shall be satisfied upon

timely remittance of such taxes to the Secretary by the corporation; and

(2) For all sales and use taxes due upon taxable transactions of the corporation but upon which the corporation failed to collect the tax, but only if the responsible officer knew, or in the exercise of reasonable care should have known, that the tax was not being collected.

His liability shall be satisfied upon timely remittance of such tax to the Secretary by the corporation. If said tax shall remain unpaid by the corporation, after the same is due and payable, the Secretary of Revenue may assess the tax against, and collect the tax from, any responsible corporate officer in accordance with the provisions of G.S. 105-241.1, which officer shall be the "taxpayer" in such case, as referred to in G.S. 105-241.1 et seq. As used in this section, the words "responsible corporate officers" mean the president and the treasurer of a corporation and may include such other officers as have been assigned the duty of filing tax returns and remitting sales and use tax to the Secretary of Revenue on behalf of the corporation.

Respondent contends that this statute is a unified whole and that a corporate officer cannot be held liable for unpaid sales and use taxes thereunder unless he had possession of corporate funds at the time when the corporation owed state taxes and allowed the funds to be "paid out or distributed to the stockholders," as stated in the first paragraph. This contention is without merit. Quite plainly, the first two paragraphs of G.S. 105-253 are independent of each other; each provides a means for holding officers personally liable for unpaid corporate taxes. The two paragraphs were enacted at different times; the first in 1939, the second in 1973. They differ in scope; the first applies to all state tax schedules, while the second is limited to sales and use taxes. Neither paragraph requires reference to the other for definition of terms or for any other reason. Thus, that the first paragraph of G.S. 105-253 did not authorize the Secretary to assess the respondent under the circumstances recorded does not prevent him from being assessed under the provisions of the second paragraph. Which, on the facts recorded, was clearly authorized, we

think. The respondent was a "responsible corporate officer" of Blue Ridge and the sales and use taxes collected by that corporation were not satisfied by remittance to the Secretary. Under the second paragraph of the statute, that was enough to support the assessment.

[2]   We now consider Judge Britt's conclusion that the decision of the Tax Review Board was "affected with error of law and not supported by substantial evidence in view of the whole record." We differ with the Judge as to the Board's decision not being supported by substantial evidence. The evidence indisputably shows, we think, that the Department's failure to either assess or notify Blue Ridge of the uncollected checks during the several months that passed was unreasonable and the record contains substantial evidence that this delay was a factor in the taxes not being collected from the corporation. Nevertheless, under the statute, the Department's power to collect corporate sales and use taxes from responsible officers does not depend upon its own due diligence, and Judge Britt's ruling that the Board's decision was "affected with error of law" was correct.

Affirmed.

Chief Judge VAUGHN and Judge WHICHARD concur.